IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RODNEY HOLLOWELL**,<br><br>    Plaintiff,<br><br>  v.<br><br>**KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST, dba KAISER PERMANENTE, a domestic corporation**,<br><br>    Defendant. | Case No. 3:12-cv-2128-AC<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued two Findings and Recommendations in this case on July 28, 2014. Dkts. 119, 120.[1] Judge Acosta recommended that summary judgment be granted in favor of Kaiser Permanente ("Kaiser") on all claims remaining in the case.

---

[1] Plaintiff filed ten Claims for Relief, of which he voluntarily withdrew the Third and the Fourth. Cross-motions for summary judgment were disposed of in two parts: Plaintiff's Fifth, Sixth, and Seventh Claims (his "pay-related claims") were disposed of in one Findings and Recommendation, Dkt. 119, and the remainder of his claims were disposed of in another, Dkt. 120.

PAGE 1 – ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Nor, however, does the Act "preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Rodney Hollowell ("Hollowell") timely filed objections. Dkts. 122, 123. Hollowell's objections are focused almost entirely on Judge Acosta's evidentiary rulings, which excluded significant portions of Hollowell's proffered evidence. The Court has reviewed *de novo* Judge Acosta's Findings and Recommendations, as well as Hollowell's objections and Kaiser's response.

For Hollowell's First and Second claims, Judge Acosta found that Hollowell had failed to file suit within the applicable statute of limitations. For each of Hollowell's remaining claims, Judge Acosta found that Hollowell had failed to establish the *prima facie* elements of the claim. Critically, none of these determinations depended on any of the excluded evidence. That is, even if all the excluded evidence were admitted, the disposition of the case would remain the same.

The Court declines to adopt Judge Acosta's evidentiary rulings.[2] In all other respects, the Court ADOPTS Judge Acosta's Findings and Recommendations, Dkts. 119, 120. Kaiser's motion for partial summary judgment on Hollowell's First, Second, Eighth, Ninth, and Tenth Claims for Relief (Dkt. 57) is GRANTED. Kaiser's motion for partial summary judgment on Hollowell's Fifth, Sixth, and Seventh Claims for Relief (Dkt. 50) is GRANTED. Hollowell's motion for partial summary judgment on his Fifth Claim for Relief (Dkt. 64) is DENIED.

**IT IS SO ORDERED.**

DATED this 22d day of September, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[2] The Court has some reservations about some of the comments made in the Findings and Recommendations' evidentiary rulings. In particular, the Court observes that no part of Federal Rule of Evidence 801(d)(2) provides that a statement "must be contrary to the position taken by [that] party at trial" to qualify as a statement of a party-opponent for purposes of a hearsay analysis. *Compare* Fed. R. Evid. 801(d)(2) *with* Dkt. 119 at 8-9. *See United States v. Romo-Chavez*, 681 F.3d 955, 959 (9th Cir. 2012) (holding that "a party *may* introduce the out-of-court statements of his opponent as party admissions" under Fed. R. Evid. 801(d)(2)). Instead, "this point has more to do with striking the appropriate balance under Rule 403 than with the admissions doctrine." 4 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 8:44 (4th ed. 2013).

PAGE 3 – ORDER