UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RODNEY HOLLOWELL, | Civ. No. 3:12-cv-2128-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST, doing business as KAISER PERMANENTE, | |
| Defendant. | |

_____

ACOSTA, Magistrate Judge:

Defendant Kaiser Foundation Health Plan of the Northwest ("Kaiser"), seeks $7,943.71 in costs arising from the lawsuit filed against it by plaintiff Rodney Hollowell ("Hollowell"). Hollowell alleged various claims for employment discrimination based on Hollowell's sex and race, as well as violations of the federal and state family and medical leave acts. Hollowell's claims were dismissed on summary judgment.

Hollowell did not file objections to the bill of costs filed by Kaiser. However, the court has

PAGE 1 - FINDINGS AND RECOMMENDATION                                              *{SIB}*

determined some of the requested costs are not recoverable under 28 U.S.C. § 1920. Accordingly, Kaiser's cost bill should be granted in part and denied in part.

*Legal Standard*

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." FED. R. CIV. P 54(d) (2014). Under Local Rule 54, a party seeking costs in this district must provide a "detailed itemization of all claimed costs. The prevailing party must file an affidavit and appropriate documentation." LR 54-1(a)(1) (2014).

"Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-945 (9th Cir. 2003). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Association of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)). The district court must give specific reasons for rejecting claimed costs. *Id*. at 591-592 (citing *Subscription Television, Inc. v. Souther Cal. Theater Owners Assoc.*, 576 F.2d 230, 234 (9th Cir. 1978)).

The United States Code identifies six categories of recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2014). A court may not award costs beyond the scope of those authorized by section 1920. *Kraft v. Arden*, No. CV. 07-487-PK, 2009 WL 73869, at *3 (D. Or. Jan. 8, 2009) (citations omitted). "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." *Id*. Ultimately, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999). However, "[t]he court is required to ensure an award's reasonableness, regardless of whether the opposing party objected." *Old West Fed. Credit Union v. Skillman*, No. 2:11-cv-01170-SU, 2012 WL 4594256, at *2 (D. Or. Sept. 6, 2012)(quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1400-02 (9th Cir. 1992)) .

*Discussion*

I. Fees of the Clerk

A prevailing party may recover "[f]ees of the clerk[.]" 28 U.S.C. § 1920(1). Kaiser filed this case by removing it from state court to this court on November 21, 2012. Accordingly, the court should allow this cost item in the amount of the $350.00 filing fee.

II. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case.

Under 28 U.S.C. § 1920(2), a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" "Depositions are 'necessary' if introduced into evidence or used at trial for impeachment or cross-examination." *Arboireau v. Adidas Salomon AG*, No. CV-01-105-ST, 2002 WL 31466564, at *5 (D. Or. June 14,

2002). The costs of a deposition not used at trial still may be recovered "if taking the deposition was reasonable as part of the pretrial preparation of the case rather than merely discovery for the convenience of counsel, or if the deposition was required for a dispositive motion." *Id.* The underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken. *Manildra Mill Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996)(citation omitted).

### A. Deposition Fees and Transcripts

Kaiser seeks $6,353.80 for deposition fees and transcripts. Specifically, Kaiser seeks to recover the costs associated with the depositions of Hollowell, LaDonna Sullivan, Andrew Loomis, Gerald Ingram, Laurel Cutler, Yvonne Sampson, Shawn Ferguson, Leonard Hayes, and Jeff Baumgarner. Kaiser represents "[t]hese copies were necessarily obtained for use in this litigation." (Rosenbaum Aff. ¶ 3.)

#### 1. Hollowell's Deposition

The majority of the amount requested for deposition fees and transcripts ($5,001.85) represents costs incurred during two days of the videotaped deposition of Hollowell, which occurred on March 28, 2013, and April 23, 2013.[1] Kaiser is clearly entitled to recover the cost of obtaining a printed or, in this case, an electronic copy of Hollowell's deposition. However, Kaiser has not offered a valid reason for recovering costs related to the videotaping of the deposition as well. In *Pullela v. Intel Corp.*, No. CV 08-1427-AC, 2010 WL 3361089, at *3 (D. Or. Aug. 25, 2010), this court held that a party seeking to recover the costs of a videographer must support that request with

---

[1] In support of their motions for summary judgment, Kaiser copies of a transcript from a deposition of Hollowell dated July 24, 2013. Kaiser does not seek reimbursement for the costs of this deposition.

one or more reasons specific to the case to justify an award of both court reporter and videographer fees.  Consequently, the court should subtract charges related to the videotaping of Hollowell's deposition in the amount of $1,942.50. Additionally, Kaiser seeks to recover $40.00 for "DepoView Disc[s] w/ linked exhibits."  The provision of the discs in addition to the electronic copy of Hollowell's deposition appears to have been merely for counsel's convenience; the discs were not necessary to the litigation of the action.  Kaiser is not entitled to recover the costs of these discs. Accordingly, Kaiser is entitled to recover the sum of $3,019.35 for costs related to Hollowell's deposition.

        2.  Other Depositions

Kaiser offered excerpts of the depositions of Sampson and Loomis with regard to the motions, and cross-motion, for summary judgment, and is entitled to recover the costs of these depositions.  Sullivan and Ingram were members of Kaiser's management team and served in a supervisory capacity over Hollowell.  Ferguson is Kaiser's Human Resources Program Manager. Cutler was identified by Hollowell as a comparator, an individual performing similar job duties but paid more.  The testimony of these individual was relevant to the issues before the court.  Kaiser is entitled to recover costs related to these depositions.

The cost of deposing Hayes and Baumgarner should be denied.  The court did not reference these individuals in its Findings and Recommendations regarding the parties' summary judgment arguments.  In the absence of evidence supporting Kaiser's claims that the depositions of Hayes and Baumgarner were necessary to this litigation, the costs of such depositions are not recoverable. Additionally, Kaiser seeks $60.00 for "Text Map Bundle[s]" with regard to the depositions of Sullivan, Loomis, and Ingram.  This item appears to have been provided solely for counsel's

convenience. Consequently, recovery of this cost should not be allowed.

The court concludes the transcripts of Sampson, Loomis, Sullivan, Ingram, Ferguson, and Cutler were necessarily obtained for use in the case. Accordingly, the costs associated with these deposition transcripts should be awarded to Kaiser in the amount of $1,158.70.

*B. Hearing Transcript*

Kaiser seeks reimbursement in the amount of $208.55 for a transcript of the August 12, 2013, hearing before the court addressing Kaiser's motion for protective order. The minute order documenting the hearing indicates Kaiser's motion for protective was granted "as stated on the record." The court finds the transcript of the hearing on Kaiser's motion for protective order was necessary for use in the case because the court issued an oral ruling regarding the scope of the protective order. Kaiser is entitled to recover $208.55 for the cost of the hearing transcript.

III. Fees for Exemplification and the Costs of Making Copies of any Materials where the Copies are Necessarily Obtained for use in the Case

A prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Copying costs for documents produced to opposing parties in discovery, submitted to the court for consideration of motions, and used as exhibits at trial are recoverable. *Teicher v. Regence Health and Life Ins. Co.*, No 06-1821-BR, 2008 WL 5071679, at *11 (D. Or. Nov. 24, 2008); *Arboireau*, 2002 WL 31466564, at *6 (citing *Fressell v. AT & T Tech., Inc.*, 103 F.R.D. 111, 115-16 (N.D. Ga. 1984)). However, recoverable copying costs "do 'not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys.'" *Arboireau*, 2002 WL 31466564, at *6 (citation omitted). Recoverable copying costs also do not

include costs associated with in-house photocopying for use by counsel. *Frederick v. City of Portland*, 162 F.R.D. 139, 144 (D. Or. 1995). A party's conclusory assertion that all copies were reasonable necessary to its case is, by itself, insufficient. *Kraft*, 2009 WL 73869, at *9.

Kaiser requests an award of $1,031.36 for copying costs. Kaiser asserts the "charges for document processing and copying fees . . . were necessarily obtained for use in the above-captioned litigation." Kaiser offered three invoices from Ricoh in support of the copying costs which indicate the quantity of copies made (approximately 7,650) and the unit price for the copies (ranging from seven cents to ten cents). Some invoices also include charges for "technical services", "technical analyst fees", or "project management fees" at a rate of $150.00 per hour. One invoice includes charges for "Image Conversion", "CD-Masters", "Bates Capture", "Bib Coding Custom - Type 1", "E-OCR", "Image Capture D-Heavy", and " LDD Grade A Offshore (page)". Kaiser also offered an invoice from Legacy Health in the amount of $67.50 for 120 paper copies. The sliding copy rate ranged from $30.00 to $.25 per page.

The documentation for the requested copying costs contains only limited detail and fails to apprise the court of the reasonable necessity of the copies and electronic files to the case. As courts in this district have consistently held, the prevailing party's conclusory assertion that the standard was in fact met is insufficient to justify an award of costs. *Kraft*, 2009 WL 73869, at *9; *Birkes v. Tillamook County*, No. 09-CV-1084-AC, 2013 WL 796650, at *4 (D. Or. Mar. 4, 2013); *Berglund v. The Boeing Co.*, No. 03:02-cv-193-AC, 2012 WL 697140, at *4 (D. Or. Feb. 29, 2012); *Arboireau*, 2002 WL 31466564, at *6. Rather, the prevailing party must "explain the nature of the photocopying so that the court may determine which costs, if any, are properly awardable." *Hunt v. City of Portland*, No. CV 08-802-AC, 2011 WL 3555772, at *11 (D. Or. Aug. 11, 2011). Here,

the only detail provided with respect to copied documents is the date they were copied, the number of pages involved, and the copying rate. Kaiser provides no information with regard to the content of the documents, for what purpose the copies were made, whether unnecessary copies are included in Kaiser's request, or a description of the other services provided by Ricoh, all of which is necessary for the court to determine reasonable necessity under Rule 54. For this reason, Kaiser's request for the recovery of $1,031.36 for copying costs should be denied in its entirety.

## Conclusion

For the reasons stated, Kaiser's Bill of Costs (#128) should be GRANTED in part and DENIED in part, for a total cost award of $4,736.60 .

## *Scheduling Order*

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **November 14, 2014**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 30th day of October, 2014.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge