UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RODNEY HOLLOWELL, | Civ. No. 3:12-cv-2128-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST, doing business as KAISER PERMANENTE, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

Defendant Kaiser Foundation Health Plan of the Northwest ("Kaiser"), filed a Supplemental Bill of Costs ("Supplemental Cost Bill") seeking an additional $646.80 in costs arising from the lawsuit filed against it by plaintiff Rodney Hollowell ("Hollowell"). Hollowell alleged various claims for employment discrimination based on Hollowell's sex and race, as well as violations of

the federal and state family and medical leave acts. Hollowell's claims were dismissed on summary judgment. Hollowell appealed the dismissal to the Ninth Circuit Court of Appeals, which affirmed this court's ruling in a Memorandum Opinion filed July 3, 2017. (Memorandum, ECF No. 151-1.)[1]

Hollowell did not file objections to the Supplemental Cost Bill. The court finds the additional costs requested by Kaiser are reasonable and recoverable under Federal Rule of Appellate Procedure 39 ("Rule 39"). Accordingly, the Supplemental Cost Bill should be granted in the amount of $646.80.

*Legal Standard*

Rule 39 states that "unless the law provides or the court orders otherwise, . . . if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise." FED. R. APP. P 39(a)(1) (2017). Similarly, Federal Rule of Civil Procedure 54 ("Rule 54") provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." FED. R. CIV. P 54(d) (2017). Under Local Rule 54, a party seeking costs in this district must provide a "detailed itemization of all claimed costs. The prevailing party must file an affidavit or declaration and appropriate documentation." LR 54-1(a)(1) (2017).

"The general rule on the taxation of costs is that the district court has discretion to fix the costs." *Johnson v. Pacific Lighting Land Co.*, 878 F.2d 297, 298 (9th Cir. 1989)(citing *Farmer v. Arabian American Oil Co.*, 379 U.S. 277, 233 (1964)). This discretion applies equally to costs sought under Rule 39 or Rule 54, but "does not include the authority to tax costs beyond those

---

[1]A Mandate filed by the Ninth Circuit on July 25, 2017, provided: "[t]he judgment of this Court, entered July 03, 2017, takes effect this date." (Mandate, ECF No. 151.)

authorized by statute." *Johnson*, 878 F.2d at 298 (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-443 (1986)). The district court must give specific reasons for rejecting claimed costs. *Ass'n of Mexican American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000)(citing *Subscription Television, Inc. v. Souther Cal. Theater Owners Assoc.*, 576 F.2d 230, 234 (9th Cir. 1978)).

Rule 39 identifies four categories of costs on appeal that are "taxable in the district court for the benefit of the party entitled to costs under this rule." FED. R. APP. P 39(e) (2017). These categories are:

> (1) the preparation and transmission of the record;
>
> (2) the reporter's transcript, if needed to determine the appeal;
>
> (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
>
> (4) the fee for filing the notice of appeal.

FED. R. APP. P 39(e).

*Discussion*

Kaiser seeks $646.80 for transcripts of court hearings. Specifically, Kaiser seeks to recover court reporter fees for transcripts of court hearings held on July 11, 2013, and July 15, 2014. Kaiser represents these costs were "necessarily incurred for preparation of [Kaiser's] brief on appeal." (Rosenbaum Aff. dated August 2, 2017, ECF No. 146, at 2.)

The July 11, 2013 hearing was both a motion hearing and discovery conference. During the hearing, the court heard oral argument on Hollowell's motion to amend his complaint, which Kaiser opposed. In the motion, Hollowell sought to correct and edit factual allegations, modify his damage

claim, and add a claim for failure to engage in the interactive process with good faith. The court denied Hollowel's motion to amend with regard to allegations supporting claims for discriminatory termination and supervisor harassment, but granted the motion in all other respects. In his opening brief on appeal, Hollowell argued the court abused its discretion when it denied his motion to amend to add allegations supporting a claim for supervisor harassment. Kaiser offered the transcript of the July 11, 2013 hearing in support of its answering brief and specifically referenced the transcript in its argument. The court finds the July 11, 2013 hearing transcript was needed to assist the Ninth Circuit in resolving the appeal. Consequently, Kaiser is entitled to recover the $582.00 paid for such transcript.

Similarly, during the July 15, 2014 hearing on the motions for summary judgment, the court addressed an informal motion to amend the complaint to assert a hostile environment claim found in Hollowell's supplemental brief. The court denied this informal motion during the hearing. Hollowell offered the transcript of the July 15, 2014 hearing in support of his opening brief. The Ninth Circuit specifically mentioned the court's denial of what it characterized as a motion to reconsider the initial denial of leave to amend Hollowell's complaint to add a claim of supervisor harassment at the July 15, 2014 hearing. While it does not appear Kaiser offered or specifically referenced the transcript of the July 15, 2014 hearing in its brief, it is evident the transcript was needed to determine the appeal based on the Ninth Circuit's reliance on the court's denial of Hollowell's motion for reconsideration at that hearing. Kaiser is entitled to recover the court reporter fee of $64.80 for the transcript of the July 15, 2014 hearing.

*Conclusion*

For the reasons stated, Kaiser's Supplement Bill of Costs (ECF No. 146) should be

GRANTED. Kaiser should be awarded costs of $646.80 in addition to the $4,736.60 previously awarded, for a total of $5,383.40.[2]

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **September 18, 2017**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 31st day of August, 2017.

                                           /s/ John V. Acosta
                                                    JOHN V. ACOSTA
                                           United States Magistrate Judge

---

[2]This is in addition to the $279.40 in costs taxed against Hollowell by the Ninth Circuit in the Mandate filed July 25, 2017.